UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEARRE WILLIAMS,

                                        Plaintiff,

                -against-

GREEN HAVEN C.F.; NURSE
PRACTITIONER; MR. PEREZ; MR.
HINDSBECK; MR. CUELLO,

                                        Defendants.

25-CV-6859 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Five Points Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights when he was incarcerated at Green Haven Correctional Facility. Plaintiff paid the filing fees to bring this action. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this civil rights action under Section 1983 against Green Haven Correctional Facility, an unidentified nurse practitioner at Green Haven, Green Haven Lieutenants Perez and Hindsbeck, and Green Haven Sergeant Cuello.

The following allegations are drawn from the complaint, which consists of single-sentence statements on the court's civil rights complaint form.[1] Plaintiff alleges, "I was extracted and denied seizure med and high blood pressive meds and gang assaulted and called a nigger." (ECF 1, at 4.) The nurse practitioner "discontinue[d]" Plaintiff's medication from January 6, 2025, to February 8, 2025. (*Id.*) Plaintiff alleges that he suffered a seizure and had headaches because he did not have his medication. He also alleges that he was "jump[ed] by C.O.'s." (*Id.* at 5.)

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the complaint unless otherwise noted.

For relief, Plaintiff seeks money damages and an order that he be "remove[d] from R.R.U."[2] (*Id.* at 6.)

## DISCUSSION

### A.    Rule 8

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

---

[2] "R.R.U." is likely an acronym for the Residential Rehabilitation Unit. According to the New York State Department of Corrections and Community Supervision ("DOCCS"), R.R.U. "is a separate housing unit used for therapy, treatment, and rehabilitative programming of incarcerated individuals who have been determined to require more than 15 days of disciplinary confinement pursuant to Department proceedings." *See* DOCCS, Residential Rehabilitation Unit Program Manual, at 1, *available at* https://doccs.ny.gov/system/files/documents/2024/01/rrupm.pdf.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8 because his allegations do not suggest a viable claim against any of the defendants. Plaintiff sues three correction officials, but he does not allege any facts describing how they were involved in the events giving rise to his claims. Nor does Plaintiff allege any factual context for his one-sentence allegations. For example, he does not allege where or when the alleged events occurred, or any facts describing what happened and how his rights were violated.

The Court grants Plaintiff leave to file an amended complaint that complies with Rule 8 and the standards set forth below.

**B.    Claims against Green Haven**

Plaintiff brings claims against Green Haven Correctional Facility. However, Green Haven is not a "person" for purposes of Section 1983, and is therefore not a proper defendant in a Section 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Sup. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court is not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail is not a "person" within the meaning of Section 1983). The Court therefore dismisses Plaintiff's Section 1983 claims against Green Haven for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(A)(b)(1).

**C.    Claims for inadequate medical care**

The Court understands Plaintiff's allegations that a nurse practitioner discontinued his medication as attempting to assert a claim against this defendant under Section 1983 for

providing constitutionally inadequate medical care. To establish a Section 1983 claim for

inadequate medical care in violation of the Eighth Amendment, a plaintiff must show that

correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See*

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference is evaluated under a two-

pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657

F.3d 116, 122 (2d Cir. 2011).

      To satisfy the objective element, a plaintiff must allege "that the conditions, either alone

or in combination, pose an unreasonable risk of serious damage to his health" or safety, which

"includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849

F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting

*LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard

"contemplates a condition of urgency such as one that may produce death, degeneration, or

extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*,

219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious"

condition that "could result in further significant injury or the unnecessary and wanton infliction

of pain" (internal quotation marks and citation omitted)).

      The subjective component of the deliberate indifference standard requires a prisoner to

show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving

him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing

*Salahuddin*, 467 F.3d at 280). A convicted prisoner must show that a prison official "kn[ew] of

and disregard[ed] an excessive risk to [the prisoner's] health or safety; the official must both

[have been] aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must [have] also draw[n] the inference." *Farmer v. Brennan*, 511

U.S. 825, 837 (1994). That is, a prisoner must state facts showing that the defendant possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a claim of a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that a medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" required to satisfy the subjective component of the deliberate indifference standard).

The Court assumes, for the purposes of this order, that Plaintiff's medical condition – having a seizure and headaches when he is not taking his medication – is objectively serious. However, he does not allege facts suggesting that the nurse practitioner acted with a sufficiently culpable state of mind. Plaintiff asserts only that the nurse practitioner "discontinue[d]" his seizure medication for a month. (ECF 1, at 4.) He does not allege any facts suggesting that she knew of and disregarded any serious risk to his health or in any way acted in way "that is the equivalent of criminal recklessness." *Hathaway*, 99 F.3d at 553.

The Court grants Plaintiff leave to replead his claims for inadequate medical care in an amended complaint that cures the deficiencies identified above.

**D.    Excessive force**

Plaintiff's allegation that he was "jump[ed] by C.O.s" suggests he may be attempting to assert claims of excessive force against unspecified correction officers. (ECF 1, at 5.) A convicted prisoner's claim of excessive force under Section 1983 falls under the Eighth Amendment's protections against cruel and unusual punishment. *See Kingsley v. Hendrickson*,

576 U.S. 389, 400-01 (2015); *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). A correction official's use of force on a convicted prisoner violates the Eighth Amendment when, objectively, "the alleged punishment [was] . . . sufficiently serious," and, subjectively, the official had "a sufficiently culpable state of mind." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (internal quotation marks and citation omitted). The objective component "focuses on the harm done, in light of contemporary standards of decency," and thus, "[i]n assessing this component, the court must ask whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Wright*, 554 F.3d at 268 (internal quotation marks and citations omitted). In this context, the protections of the Eighth Amendment "do[] not extend to *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 269 (internal quotation marks and citation omitted).

The subjective component of such a claim "requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (internal quotation marks and citation omitted). "The test for wantonness is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's bare allegation that he was "jump[ed]" by unidentified correction officers satisfies neither the objective nor the subjective components necessary to state a Section 1983 claim for excessive force. The Court grants Plaintiff leave to file an amended complaint that names as defendants those individual correction officers whom he alleges violated his rights, and alleges facts that satisfy the standard set forth above.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Section 1983 for inadequate medical care and excessive force, the Court grants Plaintiff 60 days' leave to amend his complaint to comply with Rule 8 and cure the deficiencies identified above.

Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2025, at Green Haven Correctional Facility, during the 7-3 p.m. shift."

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of

the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do,
the approximate date and time of each event, and the general location where each
event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against Green Haven Correctional Facility for

failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(2).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-6859 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    September 30, 2025
          New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

*Rev. 01/2010*

1

Defendant  No. 2          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 4          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

| Who did what? |
|---|

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

D.     Facts:_____

_____

_____

_____

| What happened to you? |
|---|

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
        _____

        _____

        2.      What was the result, if any?
        _____

        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

<div style="border:1px solid black; display:inline-block">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

_Rev. 01/2010_                                        6

6.      Is the case still pending?  Yes _____   No _____

         If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
         judgment in your favor?  Was the case appealed?)  _____
         _____
         _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                              Signature of Plaintiff    _____

                              Inmate Number            _____

                              Institution Address      _____

                                                       _____

                                                       _____

                                                       _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
         their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                              Signature of Plaintiff:    _____