UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEARRE WILLIAMS,

                    Plaintiff,

            -against-                                        25-CV-6859 (LLS)

GREEN HAVEN C.F.; NURSE                                        ORDER
PRACTITIONER; MR. PEREZ; MR.
HINDSBECK; MR. CUELLO,

                    Defendants.

LAURA TAYLOR SWAIN, United States District Judge:

        Plaintiff, who is proceeding *pro se*, paid the filing fees to bring this action. By order dated

May 26, 2026, and entered on May 27, 2026, the Court dismissed this action for failure to state a

claim on which relief may be granted. (ECF 7.) The Clerk of Court entered judgment on May 28,

2026. (ECF 8.) On June 17, 2026, the Court received from Plaintiff a motion for an extension of

time to file a notice of appeal (ECF 9) and a motion for leave to proceed IFP on appeal (ECF 10).

Both documents were signed by Plaintiff on June 4, 2026. Plaintiff did not file a notice of appeal.

**A.      Motion for an extension of time to file a notice of appeal**

        A litigant has thirty days from entry of the order or judgment he wishes to challenge to

file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The Clerk of Court entered judgment on May

28, 2026. Plaintiff therefore had until June 28, 2026 to file a timely notice of appeal. Plaintiff

filed his motion for extension of time to file an appeal on June 4, 2026, the date he signed the

document.[1] Although Plaintiff did not file a notice of appeal, the Court liberally construes the

---

[1] Under the so-called "prison mailbox rule," a *pro se* prisoner's court submissions are deemed filed when they are handed over to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). It appears that Plaintiff, who is incarcerated, handed over to prison officials for mailing his motion for an extension of time to file a notice of appeal and motion for leave to proceed IFP on appeal on or about June 4, 2026, the date that he signed those

motion for an extension of time to appeal as a notice of appeal. Because Plaintiff timely filed his notice of appeal—within thirty days after entry of judgment—the Court denies as unnecessary the motion for an extension of time to file a notice of appeal. The Court directs the Clerk of Court to process the appeal.

**B.    Motion for IFP on appeal**

By order dated October 1, 2025, the Court found that Plaintiff's complaint failed to state a claim on which relief may be granted, but granted Plaintiff 60 days' leave to file an amended complaint. (ECF 4.) Plaintiff did not file an amended complaint, but he did file two letters in which he challenged the Court's analysis of his claims in its order to amend. By order dated May 26, 2026, the Court dismissed this action, finding that, even if the Court construed Plaintiff's letters as an amended complaint, Plaintiff still failed to state a claim on which relief may be granted. (ECF 7.)

The Court now certifies under 28 U.S.C. § 1915(a)(3) that any appeal from its order of dismissal and civil judgment in this action would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

documents. (ECF 9-10). Thus, it seems that Plaintiff filed his motion for an extension of time on June 4, 2026. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule).

**CONCLUSION**

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal as

unnecessary. (ECF 9.)

The Court directs the Clerk of Court to process the appeal.

The Court denies Plaintiff's motion for IFP on appeal. (ECF 10.)

SO ORDERED.

Dated:    July 1, 2026
          New York, New York

_____
                        Louis L. Stanton
                        U.S.D.J.